

## ATTORNEYS AT LAW
260 CHRISTOPHER LANE
SUITE 102
STATEN ISLAND, N.Y. 10314

TELEPHONE (718) 494-8800
FACSIMILE   (718) 494-1776

hfile@hmfesq.com

HOWARD M. FILE*
ROBERT A. FARRELL, JR.**

ANDREW A. RAFTER***

*NEW YORK AND PENNSYLVANIA BAR
**NEW YORK, NEW JERSEY AND WASH. D.C. BAR
***NEW YORK BAR

MARTIN RUBENSTEIN
JAMES SAK
OF COUNSEL

www.hmfesq.com

June 26, 2019

Hon. Judge Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 518
New York, New York 10007

Re:  Deanna Reiss vs. National Railroad Passenger Corp. (Amtrak)
     19-CV-1780 (VSB)

Dear Hon. Judge Broderick:

Please be advised of the following:

1. Plaintiff's action is brought in tort for negligence in that, as a passenger, she fell asleep on a train, going to New York Penn Station, and was thrown from her seat in the Sunnyside Train Depot when the train was brought to a violent, forceful stop causing her to sustain personal injuries. Defendant's negligence lies in failing to properly ascertain that all passengers had disembarked at the final Penn Station stop of the train. Defendant denies that there was any negligence on its part and denies the allegations of the plaintiff as stated above. The additional principal defenses put forward by the defense are that any injuries suffered by plaintiff were caused solely by her own negligence, were caused in part by her own negligence, any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant, that its liability should be limited in accordance with Article 16 of New York Civil Practice Law & Rules, and that plaintiff failed to mitigate or otherwise act to lessen or reduce her damages.



June 26, 2019
Page -2-

2. Defendant's Notice for Removal states that Defendant Amtrak was created by an act of Congress 49 U.S.C. Section 24101 et. Seq. That more than one-half (1/2) of its capital stock is owned by the United States and defense thus concludes that the above described action is a civil action in which this Court has original jurisdiction under the provisions of Title 28 U.S.C. 1331 and 1349 and is one which may be removed to this Court by the defendant pursuant to the provisions of Title 28 U.S.C. Section 1441.

3. No motions are contemplated and/or outstanding at this time.

4. Defendant's First Set of Interrogatories to Plaintiff dated March 1, 2019 were answered by Plaintiff on April 4, 2019. Defendant's Request for Production of Documents dated March 1, 2019 has been replied to. Records were provided by Plaintiff on March 19, 2019, April 10, 2019, May 2, 2019, May 6, 2019. Plaintiff's Demand for Answers to Interrogatories was made March 20, 2019. Defendant's Response to Plaintiff's Demand for Answers to Interrogatories was made on April 25, 2019. Plaintiff served Notice to Take Deposition of Defendant on May 8, 2019 setting deposition date for June 20, 2019, which was subsequently adjourned by Defendant to August 8, 2019. Plaintiff's Request for Production of Documents from Defendant was made May 9, 2019. Defendant's Response was June 21, 2019. It is believed that depositions will be necessary in order for the parties to engage in meaningful settlement negotiations.

5. There have been no prior settlement discussions.

6. It is estimated that the length of trial will be two days.

7. It is not anticipated that there will be any dispositive or novel issues raised by this case.

Very truly yours,

_____          _____
MARTIN RUBENSTEIN, ESQ.                                DARIEN BLAIR, ESQ.
Attorney for Plaintiff                                               Attorney for Defendant

Via ECF